JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA HERNANDEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DERMCARE MANAGEMENT, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-01949-FLA (Ex)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 13]** |

# **RULING**

Before the court is Plaintiff Vanessa Hernandez's ("Plaintiff") Motion to Remand ("Motion"). Dkt. 13 ("Mot."). Defendants DermCare Management, LLC and Skin and Beauty Center, Inc. (collectively, "Defendants") oppose the Motion. Dkt. 14 ("Opp'n").

On May 8, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for May 12, 2023. Dkt. 24; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court GRANTS the Motion and REMANDS the action to the Los Angeles County Superior Court.

# **BACKGROUND**

Plaintiff is a California citizen who filed this action in the Los Angeles County Superior Court on December 29, 2022. Dkt. 1-1 ("Compl."). Defendants employed Plaintiff from October 2021 to October 2022. Compl. ¶ 7. Plaintiff alleges that during her employment, Defendants failed to (1) pay for all hours worked, (2) provide meal periods, (3) authorize and permit rest periods, (4) pay final wages, (5) furnish accurate wage statements, and (6) indemnify employees for expenditures. *Id*. ¶ 1. As a result, Plaintiff asserts eight causes of action on behalf of a putative class of similarly situated former employees for various violations of California's Labor Code and Unfair Competition Law. *See generally* Compl.

On March 15, 2023, Defendants filed a Notice of Removal, invoking this court's diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *See* Dkt. 1 ("NOR"). On April 14, 2023, Plaintiff moved to remand the action based on the local controversy exception to this court's CAFA jurisdiction and an insufficient amount in controversy. *See* Mot. Defendants filed an opposition on April 21, 2023.

/ / /

/ / /

/ / /

# DISCUSSION

## I.  Legal Standard

CAFA provides district courts with original jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).  CAFA's requirement of minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *Id*. (citing 28 U.S.C. § 1332(d)(2)(A)).

"The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").  Although "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," when the allegation is challenged by plaintiff or the court, "[e]vidence establishing the amount is required." *Id*.  "[B]oth sides submit proof," and the court decides whether the defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy requirement has been satisfied.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

## II.  Analysis

Defendants removed the action invoking this court's diversity jurisdiction pursuant to CAFA.  *See generally* NOR.  At issue is whether Defendants demonstrate that over $5 million is in controversy, as required by CAFA.  Plaintiff argues Defendants have not satisfied their burden because the local controversy exception to this court's jurisdiction applies and Defendants fail to substantiate the amount in controversy requirement with sufficient evidence.  *See generally* Mot.

When federal jurisdiction is challenged and the amount of damages is not evident from the face of the complaint, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)). The removing party "may submit evidence outside the complaint…or other 'summary judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (*citing Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1977)).

### A. Actual Damages

Here, Plaintiff's Complaint does not specify any particular amount of damages incurred by her or the class. Defendants aggregate calculations for the alleged violations as well as attorney's fees. In sum, Defendants assert a total amount in controversy of $13,233,800. (*See* NOR ¶¶ 15-17.) The specific breakdown is as follows:

- $1,218,240 for the failure to pay final wages due at termination claim, based on an hourly rate of $21.60, 30 days, and 8 hours per day for 235 former employees (*Id.* ¶ 15);
- $3,175,200 for the off-the-clock claim, based on an hourly rate of $21.60 x a 1.5 statutory penalty, 50 work weeks, and a violation rate of 4 hours per week for all 490 putative class members. (*Id.* ¶ 15);
- $2,116,800 for the unpaid meal period claim, based on an hourly rate of $21.60, 50 work weeks, and a violation rate of 4 hours per week for all 490 putative class members. (*Id.* ¶ 15);
- $2,116,800 for the unpaid rest period claim, based on an hourly rate of $21.60, 50 work weeks, and a violation rate of 4 hours per week for all 490 putative class members. (*Id.* ¶ 15); and

- $1,960,000 for the failure to furnish accurate wage statements claim, based on a $4,000 statutory maximum penalty per employee, and 490 putative class members (*Id*. ¶ 15).

Defendants include attorney's fees in the amount of 25% of "the amount associated with the alleged unpaid wages and penalties." *Id*. ¶ 16.  The court finds these calculations do not satisfy Defendants' burden because the violation rates are arbitrary and addresses each in turn below.

As an initial matter, Defendants fail to provide any evidence or support for these claims, despite conceding "evidence establishing the amount in controversy is required… only when the plaintiff contests, or the court questions, the defendant's allegations." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019); Opp'n at 9. Plaintiff here has questioned Defendants' allegations by filing this Motion and, thus, Defendants were required to provide evidence substantiating claims in its Notice of Removal.  Defendants offer only the Declaration of Marc Grad, DermCare's Executive Vice President.  Dkt. 14-2.  The declaration, however, does not provide any information that would allow the court to determine reasonably the likelihood of Defendants' claims.

Even if the court were to look past the lack of evidence, Defendants nonetheless fail to establish the amount in controversy via a reasonable chain of assumption.  "As seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court, violation rates are key to the calculations necessary to reach the $5,000,001 amount-in-controversy figure CAFA requires." *Toribio v. ITT Aerospace Controls LLC*, No. 19-cv-5430-GW (JPRx), 2019 WL 4254935, at *2 (C.D. Cal. Sept. 5, 2019).

Here, Plaintiff's Complaint alleges Defendants "regularly, *but not always*" failed to provide compliant meal breaks and it was their "pattern and practice" not to provide compliant meal or rest periods.  Comp. ¶ 16 (emphasis added).  Despite the admitted absence of a reliable pattern of violation, Defendants assumed every single

putative class member missed four hours per week, of meal and rest break periods, for all fifty work weeks for the year.  NOR ¶ 15.  The absence of any case-specific facts or allegations in the record makes these assumptions arbitrary and "amounts to little more than plucking a violation rate out of the air and calling it reasonable."  *Gonzalez v. H & M Hennes Mauritz L.P. et al*, No. 21-cv-01611-JLS (JDE), 2022 WL 179292, at *4 (C.D. Cal. Jan. 20, 2022) (internal citations and quotations omitted).  Courts in this district have routinely held doing so is impermissible.  *See Salazar v. Johnson & Johnson Consumer Inc.*, Case No. 2:18-cv-05884-SJO (Ex), 2018 WL 4560683 (C.D. Cal. Sept. 19, 2018) ("[O]ther courts in this district have held [defendant] may not rely on statistical assumptions to sustain the amount in controversy requirement.") (compiling cases).

Defendants' calculations of off-the-clock and unpaid overtime damages are similarly speculative and arbitrary.  Defendants assert these violations place $3,175,2000 in controversy, again based on a 100% assumed violation rate, without any reasonable basis to support its assumptions that *all* putative class members worked a total of 50 weeks during the class period, worked more than eight hours a day, and were all owed overtime.  This is especially unconvincing given that Plaintiff's Complaint specifically alleges Defendants' violations occurred "regularly, *but not always*," and "*much* of this unpaid work should have been paid at the overtime rate."  Compl. ¶ 15 (emphasis added).

Defendants similarly assume a 100% violation rate for Plaintiff's claims regarding failure to pay wages due at termination, stating 235 putative class members are former employees.  NOR ¶ 15.  The court rejects these contentions for the same reasons stated above.

Finally, Defendants allege Plaintiff's wage statement claims involve a $4,000 maximum penalty, as dictated by California Labor Code § 226(a), for each putative class member.  NOR ¶ 15.  In spite of further limiting language in the Complaint with respect to these allegations, Defendants again unreasonably assume a 100% violation

rate and that every single putative class member is entitled to the maximum penalty.

**B. Attorney's Fees**

Defendants' claim a "commonly used measure of attorneys' fees for purposes of establishing CAFA jurisdiction is 25% the amount associated with the alleged unpaid wages and penalties." NOR ¶ 16. The court need not opine on the reasonability of Defendants' assertion because Defendants failed to substantiate the purported damages they state. Because the sum of Plaintiff's actual damages is not ascertainable, the court cannot determine a corresponding amount in attorney's fees.

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand (Dkt. 13). The court REMANDS this action to the Los Angeles County Superior Court, Case Number 22STCV40910. The Clerk of the Court shall administratively close the case.

IT IS SO ORDERED.

Dated: September 28, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge